# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 2:09-CR-146 |
| ANTOINE L. ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION and ORDER

The matter is before the Court on Defendant Antoine Adams' Motion to Withdraw Guilty

Plea. [DE 40.] Adams claims that the government breached his plea agreement when it refused

to file a motion pursuant to U.S.S.G. 5K1.1 and § 18 U.S.C. 3553(e) seeking a downward

departure from the sentence recommended by the Sentencing Guidelines. As explained in detail

below, I find that the government has not breached the plea agreement and will thus deny

Adams' motion.

## FACTUAL BACKGROUND

Adams was indicted on August 7, 2009 on one count of possession with intent to

distribute fifty or more grams of crack cocaine. [DE 1.] On January 29, 2010, Adams entered

into a plea agreement with the government. [DE 12.] Pursuant to this plea agreement, Adams

pled guilty to the indictment at a February 22, 2010 change-of-plea hearing in this Court.

Of particular importance to the present motion is Paragraph 7(e) of the plea agreement,

which states:

> I further understand that at the time of sentencing, in exchange for my truthful,
> candid and full cooperation, the United States Attorney will consider filing a
> motion asking the Court for at least a two-level reduction under U.S.S.G. section

5K1.1, as well as a motion under Title 18, United States Code, Section 3553(e), based on my cooperation and the information that I will have provided before the sentencing hearing. I also understand that, pursuant to U.S.S.G. Section 5K1.1 and Title 18 U.S.C. Section 3553(e), this Court may depart from the guidelines and statutory minimum sentence. I further understand that the nature, value and extent of any and all of my cooperation will be determined solely by the government. Furthermore, it is the government who retains the sole discretion to determine whether the information provided by me merits the filing of, and extent of, any such motion to lower my sentence. I understand that the decision regarding whether to grant such a request, or the extent of any reduction in my sentence, lies within the discretion of the Court, and that this agreement does not constitute a promise that the judge will grant such a motion, or that the judge will impose any particular sentence.

[DE 12 at 4.]

At the change-of-plea hearing I emphasized for Adams that the decision to file a

5K1.1/3553(e) motion was entirely in the government's discretion:

Q: All right. Now, but this is important, the Government really holds the cards here. They are the ones who make the initial decision as to whether or not you have fully cooperated. They are really not making you any promises at this point. All they are telling you is that they agree to fully consider this, and if they believe in their discretion that you have completely cooperated, then they will file a motion asking me to give you a lower sentence. But they hold the cards to initially make that decision. Do you understand that?

A: Yes, sir, your Honor.

[DE 45 at 14.]

Adams' sentencing was continued multiple times between February of 2010 and June of

2011 while Adams was supposedly cooperating with the government. I say "supposedly"

because, as we shall see in a moment, Adams may have been deceiving the government agents

with whom he was working by "cooperating" with them on the one hand, but dealing dope on the

side on the other. In any event, at some point while Adams was pending sentencing, the

Assistant U.S. Attorney handling the case for the government apparently advised Adams'

attorney that he believed – at least at that point in time – that Adams' cooperation was sufficient to merit a 5K1.1/3553(e) motion from the government.

Things changed on June 2, 2011, however, when Adams was arrested on a new criminal complaint. On June 16, 2011, he was indicted on three counts of crack possession in a new case number (2:11-cr-85). A sentencing hearing in this case had already been scheduled for June 21, 2011, and prior to that hearing the government informed Adams that it would no longer file a 5K1.1/3553(e) motion because Adams' new arrest undermined his cooperation. From the government's point of view, what good is a witness who may be dealing drugs while he is cooperating with the government? Believing that the government breached the plea agreement by refusing to file a 5K1.1/3553(e) motion, however, Adams filed his Motion to Withdraw Guilty Plea on June 20, 2011. At the hearing the next day, I continued Adams' sentencing and asked the parties to brief Adams' motion.

## DISCUSSION

Adams' motion argues that the government breached his plea agreement by refusing to file a 5K1.1/3553(e) motion. Based on the language of the plea agreement, however, this is clearly not the case. Paragraph 7(e) of the agreement states that the government "will consider filing" a 5K1.1/3553(e) motion based on his cooperation. [DE 12 at 4.] It further states that the "nature, value and extent" of this cooperation "will be determined solely by the government" and that "it is the government who retains the sole discretion to determine whether the information provided by [Adams] merits the filing of" 5K1.1/3553(e) motion. [*Id.*] What's more, according to the plea agreement, these decisions are made "at the time of sentencing." [*Id.*]

This language contradicts Defendant's claim that the government was obligated to file a

5K1.1/3553(e) motion; on the contrary, the plea agreement clearly gives the government full discretion to file or refrain from filing such a motion. A number of Seventh Circuit cases interpreting similar provisions in plea agreements have concluded that the agreement means what it says it means: the government has the "sole discretion" to determine whether a defendant's cooperation merits the filing of a 5K1.1/3553(e) motion. *See, e.g., United States v. Jones*, 209 F.3d 991, 997 (7th Cir. 2000) ("language of the plea agreement is clear in that the only promise made by the government is that it would, *in its sole discretion*, determine whether [the defendant's] alleged cooperation amounted to substantial assistance") (emphasis in original); *United States v. Burrell*, 963 F.2d 976, 985 (7th Cir. 1992) (plea gave government "sole discretion" to file 5K1.1 motion and thus "[t]he government's refusal to move for departure pursuant to § 5K1.1 was within its prosecutorial discretion"); *United States v. Spillman*, 924 F.2d 721, 723 (7th Cir. 1991) ("[T]here was no provision in the plea agreement requiring the government to file a request for a downward departure based on substantial assistance. All the agreement required was that the government inform the court of [defendant's] cooperation and make its sentencing recommendation based upon its evaluation of that cooperation.").

The Seventh Circuit has noted that "[a] few courts have indicated that the prosecutor's refusal to file a substantial assistance motion may be reviewable if irrational or withheld in bad faith." *United States v. King*, 62 F.3d 891, 894, n.2 (7th Cir. 1995). But there is no evidence that the decision here was irrational or made in bad faith. Quite the contrary, in fact, because the government decision not to file a motion hinged on the fact that the Adams was arrested and indicted on new drug charges while he was on supervised release in this case. As the government cogently explained in its response to the motion:

> Faced with the knowledge that the Defendant was conducting a drug trafficking operation while on pretrial release, the government cannot credit any of the information that the Defendant gave about other alleged drug traffickers during his proffer. Not only is the government concerned that the Defendant may have invented the information in order to deflect attention from his criminal conduct (or simply to curry favor with the government that he may have already been deceiving by violating the terms of his pretrial release), but the government is unable to use the Defendant as a witness in any grand jury or other proceeding that might have been necessary as a result of his cooperation. The Defendant's subsequent criminal conduct simply ruins his credibility and creates too many opportunities for impeachment if he were ever asked to be a government witness.

[DE 50 at 4.]

Adams also argues that the government was bound by an Assistant U.S. Attorney's statement to Adams' attorney that he believed Adams cooperation was sufficient to merit a 5K1.1/3553(e) motion from the government. But even assuming that the Assistant U.S. Attorney did make that statement, the government was well within its broad discretion under the language of the plea agreement to continually reassess Adams' cooperation once he was arrested or at any other time before the sentencing hearing. This is because the decision whether to file a motion was to be made by the government "at the time of sentencing." [DE 12 at 4.]

In the end, there is simply no doubt that the government was squarely within the terms of the plea agreement when, in its "sole discretion," it determined that the information provided by Adams did not merit the filing of a 5K1.1/3553(e) motion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Withdraw Guilty Plea [DE 40] is

**DENIED**.

The parties are further **ORDERED** to submit briefs regarding their respective positions as to whether to delay sentencing in this case pending the resolution of the second indictment

against Defendant Adams in case number 2:11-cr-85. Such briefs must be submitted on or before **August 19, 2011**.

**SO ORDERED.**

ENTERED: August 11, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
